BURFORD (UNITED STATES v.). See Case No. 14,685.

BURFORD (WHETCROFT v.). See Case No. 17,505.

## Case No. 2,153.

### In re BURGESS.

[3 N. B. R. (1870) 196 (Quarto, 47).] [2]

District Court, D. Massachusetts.

BANKRUPTCY—DISCHARGE—FRAUDULENT PREFERENCES—PROPER BOOKS OF ACCOUNT.

1. A discharge will not be withheld when it appears solely from the bankrupt's examination that he had paid certain debts in full, a short time before he became bankrupt, no other

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reprinted by permission.]

proof being offered to show such payments were fraudulent preferences.

[Cited in Re Warner, Case No. 17,177; Re Pierson, Id. 11,153; Re Wolfskill, Id. 17,-930; Re Boynton, 10 Fed. 279.]

2. The accidental omission of entries in a trader's book is not conclusive of his not having kept proper books of account.

[Cited in Re Archenbrown, Case No. 505; Re Antisdel, Id. 490; Re Frey, 9 Fed. 384.]

3. Semble, where a creditor has been preferred by bankrupt, it may not be necessary to show such creditor's fraudulent collusion in order to prevent a discharge.

[Cited in Re Boynton, 10 Fed. 280.]

[In bankruptcy. Petition by Joseph H. Burgess, a bankrupt, for his discharge. Granted.]

G. M. Marston, for opposing creditor.

E. L. Barney, for bankrupt.

LOWELL, District Judge. The bankrupt's discharge is opposed on the ground that he did not keep proper books of account, and that he preferred certain of his creditors. The evidence is derived wholly from the bankrupt's examination, which appears to be full and frank. There is no question of law in the case excepting what preferences will avoid the discharge. My opinion upon that point was expressed in Locke's Case [Case No. 8,439]. My remarks in that case need no qualification, except that perhaps if the debtor's conduct brings him within section 35 [14 Stat. 534] it may not be necessary to show the collusion or fraud of the preferred creditor in order to prevent the discharge. The distinction is not very important, because all the acts prohibited by section 35 are acts done in contemplation of bankruptcy, and all such are also within section 29, or nearly all. In this case the evidence shows that the debtor paid several creditors in full not very long before he became bankrupt, but his own explanation, which is all we have, does not tend to convict him of contemplating bankruptcy at that time, and the transactions themselves were not such as to be very suspicious. No witness is called to show any facts or declarations tending to contradict the bankrupt, and his examination, as it comes before me, does not impress me unfavorably. I have nothing but the fact that he stopped payment some weeks afterwards, which has any tendency to show an intended preference. While it is by no means improbable that such was the nature of the payments, I cannot infer it from the mere fact of payment. The burden of proof is on the creditor, and has not been sustained.

With regard to the books of account, the bankrupt appears to have kept such as his business of a soapmaker required. I do not understand that this is denied. His books are not exhibited to me, nor is any evidence introduced to show what is considered proper in that kind of business. Taking the whole examination, with the explanations made of some of the earlier answers, I under-

stand that there is no fault to be found with the books, excepting that some sales do not appear on them. This omission is testified by the bankrupt to be accidental, and with no fraudulent intent. Under such circumstances the books cannot be considered to be not proper, unless the omissions are so considerable as to impair the value of the books as records of the business in a substantial and important degree, or as to embarrass the assignee in ascertaining the true state of the debtor's affairs. There is often more danger of fraud and deception in books which are kept with all due formality, and which appear to be properly balanced, than in the omissions of an uninstructed bookkeeper. In this case the omissions are not so serious, as far as the evidence discloses them, as to require me to refuse the certificate. Discharge granted.